## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT JOCZ, et al.,** | **:** | **CIVIL ACTION** |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **NO. 08-4063** |
| **EICHLEAY ENGINEERS, INC., et al.,** | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

**Diamond, J.**                                                                 **December 9, 2008**

### MEMORANDUM

Plaintiffs Teresa and Robert Jocz move to remand this products liability action to state court, arguing that complete diversity of the Parties is lacking.  I grant their Motion.

### BACKGROUND

Plaintiffs Teresa and Robert Jocz, both Pennsylvania citizens, began this lawsuit in the Philadelphia Common Pleas Court on April 3, 2007.  (Doc. No. 1, at 5.)  They alleged that on September 15, 2006, Mr. Jocz was struck by a "Larry Car"  -- a large rail car used to transport coal -- while working at a steel plant in Allegheny County, Pennsylvania.  (Doc. No. 8, Ex. H, at 45.)  Plaintiffs further alleged that the car had a "blind spot" that prevented its operator from seeing Mr. Jocz, thus causing the accident.  (Id.)  Mr. Jocz claims that the accident caused severe injuries, resulting in the amputation of his legs.  (Id.)

Plaintiffs initially sued two Pennsylvania corporations: Eichleay Engineers, Inc. and

Eichleay Engineers & Constructors, Inc., alleging that they "participated in the design,

manufacturing, installation, assembly and/or maintenance of [the] Larry Car."  (Doc. No. 15, Ex.

L.)  After Plaintiffs took discovery from the Eichleay Defendants over the next year, on February

29, 2008, the Parties stipulated that Plaintiffs could amend their Complaint to join the following

Defendants:

(1)      Sumitomo Heavy Industries, Ltd. (SHI), which is incorporated and has its principal

place of business in Japan; Sumitomo Heavy Industries USA, which is incorporated and

has its principal place of business in Delaware; and Sumitomo Machinery Corporation of

America, which is incorporated in New York and has its principal place of business in

Virginia;

(2)      Cutler-Hammer, a division of Eaton Corporation, a Delaware corporation with a

principal place of business in Ohio; and

(3)      Diamond Power International, a Delaware corporation with a principal place of

business in Ohio.

(Doc. No. 15, Ex. K.)  In their Amended Complaint, Plaintiffs allege that: (1) the Eichleay and

Sumitomo Defendants were responsible for designing, manufacturing, installing, assembling and

maintaining the Larry Car; (2) Defendant Diamond Power International sold and designed the

closed circuit monitors on the Larry Car; and (3) Defendant Cutler-Hammer sold and designed

the electronic control system on the Larry Car.  (Doc. No. 8, Ex. H, at 46-68.)  Plaintiffs bring

negligence claims against each of these Defendants, and products liability claims against the

Sumitomo Defendants, Diamond Power International, and Cutler-Hammer.  (Id.)

SHI was served with Plaintiffs' Amended Complaint on August 4, 2008, and, invoking

diversity jurisdiction, removed to this Court on August 20, 2008.  28 U.S.C. § 1441(a); (Doc. No.

1).  In its Notice of Removal, SHI stated that the Eichleay Defendants have been in state court

involuntary receivership proceedings since 2002, and were dissolved on May 28, 2008.  (Doc.

No. 1 at 3.)  SHI thus alleged that the Eichleay Defendants are fraudulently named or nominal

parties whose Pennsylvania citizenship should be disregarded for purposes of diversity

jurisdiction.  (Doc. No. 1 at 3-4.)

Plaintiffs moved to remand on September 17, 2008, arguing that complete diversity of the

Parties is lacking because: (1) the Eichleay Defendants (which Plaintiffs contend are proper

Parties here) are Pennsylvania corporations; and (2) Defendant Eaton Electrical's principal place

of business is in Pennsylvania.  (Doc. No. 8-10, at 6-7, 9-10.)  Plaintiffs also argue that SHI's

failure to attach to its Notice of Removal written consents from all Defendants is a procedural

defect requiring remand.  (Doc. No. 8-11, at 7.)  Finally, Plaintiffs argue that SHI's removal was

untimely because: (1) SHI failed to remove within thirty days of the date on which Sumitomo

Machinery was served; and (2) the removal occurred more than one year after the

commencement of this action.  (Doc. No. 8-11, at 8.)

I agree that the Eichleay Defendants are proper parties.  Accordingly, because complete

diversity is lacking, I am obligated to remand.

**LEGAL STANDARDS**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Diversity jurisdiction is lacking -- and removal is thus improper -- if any plaintiff and any defendant are citizens of the same state. Lincoln Property Co. v. Roche, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants.").  The citizenship of fraudulently named or nominal parties must be disregarded for purposes of diversity jurisdiction.  Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).  The Third Circuit has cautioned, however, that the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

**DISCUSSION**

SHI argues that because the Eichleay Defendants are now dissolved and without assets, they are fraudulently named or nominal parties that I must disregard for diversity purposes. (Doc. No. 9-2, at 14.)  I do not agree.

I.     The Eichleay Defendants Are Not Fraudulently Named Parties

Fraudulently named parties are generally those that have been "named or joined solely to

defeat diversity jurisdiction." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006). The Third Circuit

has explained:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground
> supporting the claim against the joined defendant, or no real intention in good
> faith to prosecute the action against the defendants or seek a joint judgment. But,
> if there is even a possibility that a state court would find that the complaint states
> a cause of action against any one of the resident defendants, the federal court must
> find that joinder was proper and remand the case to state court.

Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (internal citations and quotations

omitted); see also Lopez v. Home Depot, Inc., No. 08-1020, 2008 WL 2856393, at *2 (E.D. Pa.

July 22, 2008) (interpreting this standard as establishing "two independently sufficient tests [for

fraudulent joinder] -- one objective and one subjective").

In evaluating a claim of fraudulent joinder, I must "focus on the plaintiff's complaint at the

time the petition for removal was filed . . . assume as true all factual allegations of the complaint

. . . [and] resolve any uncertainties as to the current state of controlling substantive law in favor

of the plaintiff." Id. (internal citations omitted). "Because a party who urges jurisdiction on a

federal court bears the burden of proving that jurisdiction exists, a removing party who charges

that a plaintiff has fraudulently joined a party . . . bears a heavy burden of persuasion." Steel

Valley Auth., 809 F.2d at 1012 n.6 (quotations omitted). I find that under either the Third

Circuit's objective or subjective test, SHI has not met that burden.

A.     Plaintiffs Have Alleged Valid Claims Against The Eichleay
       Defendants

SHI does not dispute that there is a "reasonable basis in fact or [a] colorable ground

supporting" Plaintiffs' claims against the Eichleay Defendants.  Batoff, 977 F.2d at 851.  Rather,

SHI argues that the Eichleay Defendants are fraudulently joined because Plaintiffs' claims are not

viable under Pennsylvania law as a result of the Eichleay Defendants' dissolution.  (Doc. No. 9,

at 12.)  SHI thus seeks to equate fraudulent joinder with Rule 12 non-viability.  The Third Circuit

has cautioned, however, that when considering an allegation of fraudulent joinder, the district

court may not "convert[] its jurisdictional inquiry into a motion to dismiss."  Briscoe, 448 F.3d at

218.  The Court has explained that a fraudulent joinder inquiry is less rigorous than that required

by Rule 12:

> [T]he inquiry into the validity of a complaint triggered by a motion to dismiss
> under Rule 12(b)(6) is more searching than that permissible when a party makes a
> claim of fraudulent joinder.

Batoff, 977 F.2d at 852.

Plaintiffs' claims against the Eichleay Defendants pass muster under this standard.

Although SHI now admits that it designed the Larry Car that struck Plaintiff (Doc. No. 15, at 5-

6), SHI does not dispute Plaintiffs' allegations -- which I must, at this stage, assume are true --

that the Eichleay Defendants were responsible for manufacturing, installing, assembling, and

maintaining the Larry Car.  In these circumstances, I decline to hold that Plaintiffs' claims

against the Eichleay Defendants are "not even colorable, i.e., [a]re wholly insubstantial and

frivolous."  Batoff, 977 F.2d at 852.  Accordingly, regardless of whether, in light of the Eichleay

6

Defendants' dissolution, Plaintiffs' claims remain viable, I believe SHI has not met its burden of establishing fraudulent joinder.

Moreover, under Pennsylvania law Plaintiffs' claims against the Eichleay Defendants are viable.  The dissolution of a corporation does not eliminate or impair any remedy against the corporation "for any right or claim existing, or liability incurred, prior to the dissolution, if an action or proceeding thereon is brought . . . within two years after the date of the dissolution."  15 Pa. Cons. Stat. § 1979(a).  Plaintiffs' claims arose on September 15, 2006, well before the Eichleay Defendants were dissolved on May 28, 2008.

SHI nonetheless argues that Plaintiffs' claims are not viable because they failed to file a proof of claim in the Eichleay Defendants' receivership proceedings.  Id. § 1987 ("Creditors and claimants who do not file proofs of claim on or before the date so fixed may be barred, by order of court, from participating in the distribution of the assets of the corporation.").  Those proceedings began on July 30, 2002.  (Doc. No. 9, Ex. 4, at 10.)  On April 30, 2003, the state court required all proofs of claim to be filed within sixty days.  (Id. at 7.)  Because Mr. Jocz was not injured until September 15, 2006, he and his wife obviously had no grounds to file a proof of claim by June 30, 2003.  In any event, Plaintiffs' "failure" to file a proof of claim arguably precluded them from "participating in the distribution" of the Eichleay Defendants' assets; it did not extinguish Plaintiffs' right to sue the Eichleay companies.  15 Pa. Cons. Stat. § 1979(a).  Accordingly, under Pennsylvania law, Plaintiffs' claims against the Eichleay Defendants remain viable.

I thus conclude that under the Third Circuit's objective test, the Eichleay Defendants' dissolution does not render Plaintiffs' claims invalid for jurisdictional purposes.  The D.C.

Circuit concluded similarly in evaluating whether the citizenship of a dissolved Delaware

corporation should be ignored for purposes of diversity jurisdiction:

> [D]espite having already been dissolved for other purposes, under Delaware law
> [the defendant] continued in existence at the time this action was filed.  To hold
> that [the defendant's] citizenship did not likewise persist through that time for the
> purpose of . . . diversity jurisdiction would frustrate that State's purpose of
> facilitating the resolution of claims by and against the corporation and would
> serve no federal interest."

Ripalda v. Am. Operations Corp., 977 F.2d 1464, 1468 (D.C. Cir. 1992); see also Meoli v.

Message Ctr. USA, No. 96-7469, 1998 WL 717418, at *2 (E.D. Pa. Sept. 25, 1998) ("[T]he

capacity of a corporation, even if dissolved, to sue and be sued is controlled by the law of the

state in which it was organized.").

 

 

>    B.    SHI Cannot Show That Plaintiffs Lack A Good Faith Intention To Prosecute Their
>          Claims Against The Eichleay Defendants Or Obtain A Joint Judgment

Under the Third Circuit's subjective test, fraudulent joinder may also be established if the

plaintiff has "no real intention in good faith to prosecute the action against the defendant or seek

a joint judgment."  Batoff, 977 F.2d at 851.  SHI has not made this showing.

SHI apparently argues that because the Eichleay Defendants are judgment-proof -- and

thus present "no realistic avenue of recovery" -- Plaintiffs necessarily lack a good faith intention

to proceed against them.  (Doc. No. 9-2, at 14.)   Again, I disagree.

SHI confuses Plaintiffs' intention to obtain a judgment against the Eichleay Defendants

with the prospect of collecting damages from them.  The two issues are distinct:

> A defendant's inability to pay a judgment, without more, does not render his joinder fraudulent . . . [t]hus, the crucial question pertains to the likelihood of liability, not the likely success of collection efforts.

See Myers v. Air Serv. Corp., No. 07-911, 2008 WL 149136, at *2 (E.D. Va. Jan. 9, 2008); see also Samples v. Conoco, Inc., 165 F. Supp. 2d 1303, 1319-20 (N.D. Fla. 2001) (rejecting fraudulent joinder, emphasizing the "distinction between an intention to pursue or obtain a judgment [from dissolved and liquidated corporations] versus an intention to collect on a judgment"); Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962) ("If the plaintiff has stated a cause of action against the resident defendant, that is normally sufficient to prevent removal.  The motive for joining such defendants is immaterial, even when the defendant is judgment-proof.") (quotations omitted).  The Supreme Court's century-old holding to this effect remains instructive:

> [T]he motive of the plaintiff, taken by itself, does not affect the right to remove. If there is joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right.  Hence, the fact that the [corporate defendant] is rich and [the allegedly fraudulently named individual] poor does not affect the case.

Chi. Rock Island & Pac. Ry. Co. v. Schwyhart, 227 U.S. 184, 194 (1913).

The rationale underlying these decisions is compelling: even under a subjective test, there are appropriate reasons to pursue claims against a judgment-proof defendant.  For example, broader discovery is available from a party than from a non-party.  See, e.g., Thompson v. Glenmede Trust Co., No. 92-5233, 1995 WL 752422, at *2 n.4 (E.D. Pa. Dec. 19, 1995) ("[F]ederal courts have imposed broader restrictions on the scope of discovery when a non-party is targeted."); Tetratec Corp. v. E.I. DuPont De Nemours & Co., Inc., No. 90-1867, 1992 WL 202169 at *1 (E.D. Pa. Aug. 12, 1992) ("[It is] well established that non-parties to litigation

9

enjoy greater protection from discovery than normal parties.") (quotations omitted).  Even a

judgment-proof defendant may reveal in discovery the existence of other potentially liable

parties, especially in cases involving joint tortfeasors.  Cf. U.S. Small Bus. Admin. v. Progress

Bank, No. 03-3461, 2004 WL 2980412, at *11 (E.D. Pa. Dec. 22, 2004) (denying motion to

dismiss claims against joint tortfeasor where "discovery [might] reveal that the collective actions

of [the named defendants], although independent, united in causing a single injury to [the

plaintiff] for which both are liable").

Indeed, that occurred during the first year of this litigation, when the Eichleay companies

were the only Defendants named by Plaintiffs.  Having sought extensive discovery during that

year from the Eichleay Defendants, Plaintiffs were able to identify the Sumitomo companies,

Cutler-Hammer, and Diamond Power International as potentially responsible for the allegedly

defective condition of the Larry Car.   (Doc. No. 8, Ex. B); see Abels, 770 F.2d at 32 (plaintiffs'

attempts to ascertain the identity of John Doe defendants through discovery was evidence of a

good faith intention to proceed against them); Lopez, 2008 WL 2856393, at *5 (plaintiffs

manifested a good faith intention to pursue claims against allegedly fraudulently named

defendants by serving interrogatories and document requests on those defendants).

In these circumstances, SHI cannot show that Plaintiffs have prosecuted their action

against the Eichleay Defendants in bad faith.  Accordingly, I conclude that SHI has not

established fraudulent joinder.  Steel Valley Auth., 809 F.2d at 1012 n.6.

II.     The Eichleay Defendants Are Not Nominal Parties

SHI also argues that the impossibility of collecting damages from the Eichleay Defendants

renders them "nominal parties" that I must disregard for diversity purposes.  The law provides

just the opposite.

Nominal parties are "those without a real interest in the litigation."  Bumberger v. Ins. Co.

of N. Am., 952 F.2d 764, 767 (3d Cir. 1991).  Typically, they are those "named to satisfy state

pleading rules . . . joined only as [the] designated performer of a ministerial act . . . or [who]

otherwise ha[ve] no control of, impact on, or stake in the controversy."  Lincoln Property Co.,

546 U.S. at 92 (citations omitted).

These definitions do not apply to the Eichleay Defendants.  Plaintiffs have alleged valid

claims against both Eichleay companies, and have attempted to obtain relief from both.  See

Isaac v. Mitchell, No. 08-2505, 2008 WL 2890947, at *2 (E.D. Pa. July 25, 2008) ("A party is

[not nominal] if the plaintiff states a cause of action against the party, and seeks relief from the

party.").  As with fraudulent joinder, "nominal party" status is not determined by the feasability

of collecting damages from a liquidated or dissolved corporation:

> Although [Plaintiff] has suggested that, since [the allegedly nominal defendant]
> has no assets, the plaintiffs, even if successful in this lawsuit, would be unable to
> recover damages from [defendant], this Court does not believe that its jurisdiction
> is premised upon the strength or weakness of a given defendant's financial
> statements.  If this were true, a great number of cases now pending in the federal
> courts of this country would be improper due to the fact that some or all of the
> defendants are judgment proof.

Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 437 (W.D. Va. 1990); see also Lehr v.

McCord, No. 02-1636, 2003 WL 21147365, at *3 (S.D. Ind. Mar. 11, 2003) (the possibility that a

plaintiff "may not be able to recover an appreciable amount of his damages" from a joint

tortfeasor did not make that defendant a nominal party); Bejcek v. Allied Life Financial Corp.,

131 F. Supp. 2d 1109, 1112 (S.D. Iowa 2001) (corporate defendant's dissolution did not render it

a "nominal defendant" where the corporation could be held liable under state law despite having

been dissolved).   In these circumstances, the Eichleay Defendants are not "nominal parties" to

this litigation.  Accordingly, I will not disregard them for purposes of diversity jurisdiction.


III.     Sanctions

Finally, Plaintiffs ask me to award them the attorney's fees and costs they incurred in

seeking remand.  28 U.S.C. § 1447(c).  I will deny their request.  Although I agree that removal is

improper, I do not believe that SHI's actions lacked any objectively reasonable basis.  See Martin

v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("[A]bsent unusual circumstances, courts

may award attorney's fees under § 1447(c) only where the removing party lacked any objectively

reasonable basis for seeking removal.").  Accordingly, an award of attorney's fees and costs is

unwarranted.

## CONCLUSION

Because both Plaintiffs and the Eichleay Defendants are citizens of Pennsylvania, there is not complete diversity among the Parties to this action.  See Lincoln Property Co., 546 U.S. at 84.  Accordingly, I am obligated to remand the matter to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  I decline to award Plaintiffs costs and fees.

In light of my decision, I will not discuss Plaintiffs' other grounds for remand.

An appropriate Order follows.

BY THE COURT:

*s/ Paul S. Diamond*

_____
**Paul S. Diamond, J.**